**TYCKO & ZAVAREEI LLP**
Annick M. Persinger, Esq.
(State Bar No. 272996)
apersinger@tzlegal.com
Tanya Koshy, Esq.
(State Bar No. 277095)
tkoshy@tzlegal.com
1970 Broadway, Ste 1070
Oakland, CA 94612
Telephone: (510) 254-6808

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
*(pro hac vice to be filed)*
scott@edelsberglaw.com
Jordan D. Utanski, Esq.
*(pro hac vice to be filed)*
utanski@edelsberglaw.com
2875 NE 191st Street, Suite 703
Aventura, FL 33180
Telephone: (305) 975-3320

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
*(pro hac vice to be filed)*
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
*(pro hac vice to be filed)*
gberg@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone: (305) 479-2299

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY ANTON, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PROSPERA HOTELS, INC. d/b/a HYATT HOUSE AT ANAHEIM RESORT/CONVENTION CENTER, a California corporation, <br><br> Defendant. | **Case No:** 5:19-cv-00534 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

Plaintiff Kelly Anton ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Prospera Hotels Inc. d/b/a Hyatt House at Anaheim Resort/Convention Center ("Defendant"). Plaintiff, by and through her undersigned counsel, allege the following based on personal knowledge as to allegations regarding herself and on information and belief as to other allegations.

## NATURE OF THE ACTION

1. Defendant violates the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g) by knowingly or recklessly providing Plaintiff and Class members with electronically printed receipts that bear ten of the sixteen digits instead of last five digits. The FCRA, at 15 U.S.C. § 1681c(g), unequivocally states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." By printing ten of sixteen digits, Defendant risked that Plaintiff's and Class members' credit card numbers would be compromised.

2. When Defendant provided Plaintiff and the Class with an untruncated receipt in violation of its duty of care that Congress established for merchants that print receipts, and in violation of FACTA, Defendant caused Plaintiff and the Class to suffer a concrete injury and actual harm. *See* 15 U.S.C. § 1681c(g)(1). Indeed, the structure and purpose of FACTA show that it provides customers the right to enforce the nondisclosure of their untruncated credit card numbers, similar to the rights and harms asserted in a breach of confidence case, such that the resulting harm from the statute's violation is concrete in in the sense that involves a clear de facto injury, i.e. the unlawful disclosure of legally protected information.

3. Additionally, Plaintiff and the Class suffered concrete and actual harm because Defendant's FACTA violation caused them annoyance that their credit card information could be compromised and forced them to take the time and effort to save receipts in a secure place to ensure that their credit card information would not be stolen

in an age when identity thieves have increasingly sophisticated methods and technology. *See* Exhibit A (Plaintiff's Receipts).[1] In other words, because Defendant included ten digits, risking theft of Plaintiff's and the Class members' information, Plaintiff and the Class members have to spend time and energy protecting their own information—even though under FACTA Defendant has a duty to protect their information—by going through the effort of saving their receipts, or by shredding or disposing of them in a safe manner so that their credit cards will not be compromised.

4. Accordingly, Plaintiff seeks statutory penalties pursuant to 15 U.S.C. § 1681n on behalf of herself and similarly situated Class members who paid for Defendant's services with a credit or debit card.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. § 1681p (An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, . . .").

6. Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (1) A civil action may be brought in—a judicial district in which any defendant resides, ...").

---

[1] In the interest of protecting Plaintiff's privacy, Plaintiff's counsel has redacted the receipts bearing ten of the sixteen digits of Plaintiff's credit card number and her home address.

## PARTIES

7. Plaintiff is a natural person who resides in Rancho Cucamonga, CA in San Bernardino County, California.

8. Defendant is a California corporation with its principal place of business located at 333 City Boulevard West, Suite 1900, Orange, California 92868.

9. Defendant is a fully integrated hotel real estate and investment company based in Southern California providing expertise in development, operations, project management, acquisitions and construction for the hospitality and real estate industry. To date, Defendant's portfolio consists of five hotels and resorts of various brands located throughout Anaheim, California.

## FACTUAL ALLEGATIONS

### Background of FACTA

10. Congress enacted FACTA in 2003 as an amendment to the FCRA. One of FACTA's primary purposes was to provide identity theft protections for consumers.

11. One such FACTA provision (the "Receipt Provision") was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or bank account from a receipt provided to the consumer during a point of sale transaction, which, through any number of ways, could fall into the hands of someone other than the consumer.

12. The Receipt Provision specifically states the following:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

13. After enactment, FACTA provided three years in which to comply with its requirements, mandating full compliance with its provisions no later than December 4, 2006.

14. The requirement was widely publicized among retailers and the FTC. For example, on March 6, 2003, in response to earlier state legislation enacting similar truncation requirements, then-CEO of Visa USA, Carl Pascarella, explained:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . .. The first phase of this new policy goes into effect July 1, 2003 for all new terminals. . ..." [2]

Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

15. American Express requires:

> Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Card Members. Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or numbers.

*See* Exhibit B.

16. Similarly, MasterCard requires in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

> A Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

*See* Exhibit C.

**Defendant's Violation of FACTA Caused Plaintiff and the Class Actual Harm**

17. By failing to follow not only FACTA's receipt provision but also the

---

[2] *Visa Truncation*, CARDFLASH.COM, https://www.cardweb.com/news/2003/03/visa-truncation (last visited Mar. 25, 2019).

guidelines of every major credit card, Defendant has exposed Plaintiff and everyone similarly situated to an ever more diverse ecosystem of fraudulent behavior.

18. Defendant had a duty of care that requires it print no more than five digits of customers' credit card numbers. Thus, Plaintiff and the Class suffered harm when it provided Plaintiff and the Class with an untruncated receipt that disclosed their legally protected information.

19. The structure and purpose of FACTA's prohibition that no more than five digits should be printed on a receipt provides Plaintiff and the Class the right to enforce the nondisclosure of their untruncated credit card numbers, akin to several common law torts, including breach of confidence and breach of an implied bailment, such that the resulting harm from the statute's violation is concrete in the sense that it involves a clear de facto injury, i.e., the unlawful disclosure of legally protected information.

20. The annoyance caused by the risk of identity theft inherent in the disclosure of credit card information, and the burden of having to take the trouble to keep and safely dispose of the receipt, to prevent further disclosure of the information on it, are "additional harm(s)" incurred as a result of the breach of Defendant's duty to mask a customer's information.

21. These violations become a more pressing issue every day, because of the steady advance of bad actors' abilities to utilize limited data in furtherance of identity theft, credit card misuse, and other nefarious activities. For example, the disclosure of extra digits of credit cards can make it easier to acquire other identifying information.

22. As identity thieves become more sophisticated, consumers have had to become increasingly vigilant to protect their credit card information. Because of the ease with which identity thieves can access consumers' information, the FTC advises consumers not to leave receipts lying around and to shred them before throwing them away. Specifically, the FTC warns that "[a] thief may go through the trash to find discarded

billing statements and then use account information to buy things."[3] To "keep [] cards and account numbers safe" and to protect against fraud, the FTC advises not to keep receipts "around your home or office" and to "shred them before throwing them away."[4]

23. Another commentator explained that while most companies "will not print the last 4 digits of the card number" that is not always the case and "[i]n a world with increasing problems of identity theft and credit card, it is important to safeguard your account as much as possible."[5] Thus, to prevent people from stealing your card numbers, consumers should "[a]lways keep your receipts, and dispose of them properly" and "[a]lways make sure they don't have your full card number printed."[6]

24. Emphasizing the FTC's advice for safeguarding credit card information, another commentator explained that "[d]umpster divers may be able to piece together enough information from old bills, financial statements, etc. to get your name, address, account number, bank name, etc. They can then use this information to open new accounts in your name or even assume your identity entirely."[7] Thus, consumers should "make it a practice to shred documents."[8]

25. Similarly, another commentator noted that "[u]nfortunately, credit card fraud is becoming more and more common."[9] Accordingly, "to prevent both credit card fraud and identity theft is to ensure your sensitive information is secured as much as possible"

---

[3] *Protecting Against Credit Card Fraud*, FEDERAL TRADE COMMISSION, https://www.consumer.ftc.gov/articles/0216-protecting-against-credit-card-fraud (last visited Mar. 25, 2019).
[4] *Id.*
[5] *Can People Steal Your Credit Card Number From Receipts?*, REGISTEREDNURSERN.COM, https://www.registerednursern.com/can-people-steal-your-credit-card-number-from-receipts/ (last visited Mar. 25, 2019).
[6] *Id.*
[7] *Id.*
[8] Oddysseas Papadimitriou, *Identity Theft: What It Is, How It Happens & the Best Protection*, WALLETHUB.COM, https://wallethub.com/edu/identity-theft/17120/ (last visited Mar. 25, 2019).
[9] *The Best Ways to Prevent Credit Card Fraud & Theft*, UPGRADEDPOINTS.COM, https://upgradedpoints.com/how-to-prevent-credit-card-fraud/ (last visited Mar. 25, 2019).

but "there is always the potential for an information breach that leaves you exposed."[10] For example, "crooks get access to your credit card information" by "[r]ifling through your trash to find discarded receipts or copies of card numbers" so consumers should "[s]ave all receipts in a safe place," "[n]ever leave receipts lying around," and "[a]lways destroy receipts by using a shredder or cutting them into small pieces."[11]

26. In short, to act responsibly in light of Defendant's failure to obey FACTA, and to protect themselves from credit card fraud and identity theft, Plaintiff and all others similarly situated must take their own time to either safely dispose of the receipt or if safe disposal is not possible, to store it. By having to take these measures and suffer aggravation because of Defendant's violation of FACTA, cause Plaintiff and the Class an additional actual harm—beyond the de facto harm caused when Defendant disclosed their legally protected information.

**Plaintiff's Factual Allegations**

27. From October 6, 2016 through October 12, 2016, Plaintiff rented multiple rooms over the course of her five-day stay at Defendant's Hyatt House at Anaheim Resort/Convention Center located at 1800 South Harbor Boulevard, Anaheim, California 92802.

28. Plaintiff paid for her stay through three separate transactions—one transaction via her personal Visa credit card and two transactions via her personal Master Card credit card. Upon payment of the invoice for each transaction, Defendant presented Plaintiff with an electronically printed receipt bearing the first six and the last four digits of her respective credit card number. In addition, the full expiration date for each card was also printed on each receipt for each transaction.

29. Since most of the digits from her credit card were on the receipts (along with each cards' full expiration date), Plaintiff carefully saved all of her receipts in a secure

---

[10] *Id.*
[11] *Id.*

location to ensure that her credit card information would not be compromised. In addition to taking her time, having to keep track of her receipts to make sure that her credit card information could not be stolen caused Plaintiff annoyance.

30. If Defendant changes its practices to comply with the FCRA, Plaintiff could return to Defendant's location in the future without having to suffer the burden and annoyance of safeguarding her own credit card information.

**Defendant's Misdeeds**

31. At all times relevant herein, Defendant acted by and though its agents, servants, and/or employees, each of which acted within the course and scope of their agency or employment and under the direct supervision and control of Defendant.

32. At all times relevant herein, the conduct of Defendant, as well as that of its agents, servants, and/or employees, was in willful and reckless disregard for federal law and the rights of the Plaintiff.

33. It is Defendant's policy and procedure to issue an electronically printed receipt to individuals at the point of sale – *i.e.*, immediately upon receipt of credit card payment.

34. Consistent with Defendant's policy and procedure, Defendant knowingly and intentionally includes the first six and the last four digits of the credit card number on its electronically printed receipts.

35. The digits appearing on the receipt are not printed accidentally; the equipment and software used to print the receipts and electronically store an image of same must be programmed to display certain information, and likewise, programmed not to display certain information.

36. Upon information and belief, Defendant knew of and was informed about FACTA's requirement not to print more than the last 5 digits of credit card numbers.

37. Notwithstanding the fact that it has had years to comply with FACTA and despite its knowledge, upon information and belief, of FACTA's requirement, Defendant

continues to issue point of sale receipts containing ten of the sixteen digits that comprise a credit card number, in direct violation of the Receipt Provision of the FCRA.

38. Notwithstanding the Receipt Provision, Defendants continue to deliberately, willfully, intentionally, and/or recklessly violate FACTA by issuing receipts which to not comply with the FCRA.

39. To paraphrase the words of Judge Posner in *Redman v. RadioShack Corp.*, Defendant was engaged "in conduct that creates an unjustifiably high risk of harm that is either known or so obvious that it should be known…" *Id.* at *2.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of the following Class (the "Class"):

> (i) All persons in the United States (ii) who, within the two (2) years prior to the filing of the complaint, made a payment pursuant to a purchase made at a Defendant-owned establishment (iii) using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed more than more than the last 5 digits of the card number the credit or debit card.

41. Plaintiff falls within the Class definition and is a member of the Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

**Certification Under Either Rule 23(b)(2) or (b)(3) is Proper**

42. The members of the proposed Class are capable of being described without managerial or administrative problems. The members of the Class are readily ascertainable from the information and records in the possession, custody or control of Defendant.

43. Defendant owns at least five hotels and resorts in California where it accepts payment via debit and credit cards, and, upon information and belief, prints receipts reflective of credit card transactions. Therefore, it is reasonable to conclude that the Class

is sufficiently numerous such that individual joinder of all members is impractical. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified through Defendant's records or those of Defendant's agents.

44. There are common questions of law and fact that predominate over any questions affecting only the individual members of the Class. The wrongs alleged herein against Defendant are statutory in nature and common to each and every member of the putative Class.

45. This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. There are common questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

   a. Whether Defendant violated section 1681c(g) of the FCRA by providing Class members with electronically printed receipts in violation of the Receipt Provision;
   b. Whether, within the two years prior to the filing of this Complaint, Defendant and/or its agents accepted payment by credit or debit card from any consumer and subsequently gave that consumer a printed receipt upon which more than five digits of the credit card were printed;
   c. Whether Defendant's conduct was willful and reckless;
   d. Whether Defendant is liable for damages, and the extent of statutory damages for each such violation; and
   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

47. As a person who patronized Defendant's facilities and received a receipt upon which ten digits of her credit card number was printed, Plaintiff is asserting claims that are typical of the proposed Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

48. Plaintiff and the members of the Class have all suffered actual harm as a result of the Defendants' unlawful and wrongful conduct because Defendant, when Defendant violated their duty not to disclose legally protected information, Defendant risked their credit card information, caused them annoyance, and/or forced them to take the time and effort to safely save or dispose of their receipts. Absent a class action, the Class, along with countless future patrons of Defendant's many establishments, will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy and Defendant will continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

49. Defendant's defenses are and will be typical of and the same or identical for each of the members of the Class and will be based on the same legal and factual theories. There are no unique defenses to any of the Class members' claims.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. The maximum statutory damages in an individual action for a violation of this statute are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many Class claims.

51. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681(c)(g)
**(Brought by Plaintiff individually and on behalf of the Proposed Class)**

52. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53. 15 U.S.C. §1681c(g) states as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

54. This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

55. Defendant employs the use of said Devices for point of sale transactions at the various locations of Defendant.

56. On or before the date on which this complaint was filed, Plaintiff and members of the Class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision.

57. At all times relevant to this action, Defendant was aware, or should have been aware, of both the Receipt Provision as well as its duty to comply with said provision.

58. Defendant knowingly, willfully, intentionally, and/or recklessly violated and continues to violate the FCRA and the Receipt Provision.

59. As a result of Defendant's willful or reckless violations of the FCRA, Plaintiff and members of the Class continue to be exposed to an elevated risk of identity theft, and suffer burden and annoyance.

60. For Defendant's violations of the receipt provision, pursuant to 15 U.S.C. § 1681n, on behalf of herself and the Class, Plaintiff seeks statutory damages, punitive damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff Kelly Anton respectfully requests that this Court enter judgment favor of Plaintiff and the Class, and against Defendant for:

    a. Statutory damages;

-13-
CLASS ACTION COMPLAINT

b. Punitive damages;

c. Injunctive relief;

d. Attorneys' fees, litigation expenses and costs of suit, and

e. Such other and further relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

Dated: March 25, 2019                    Respectfully submitted,

*/s/ Annick M. Persinger*
Annick M. Persinger (State Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Ste 1070
Oakland, CA  94612
Telephone (510) 254-6808
apersinger@tzlegal.com