# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelly Anton,<br><br>　　　　Plaintiff,<br>v.<br><br>Prospera Hotels, Inc., doing business as Hyatt House at Anaheim resort Convention Center,<br><br>　　　　Defendant. | Case No.:  CV 19-534-CBM-SHKx<br><br>**ORDER RE:  MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)** |

The matter before the Court is Defendant Prospera Hotels, Inc. d/b/a Hyatt House at Anaheim Resort/Convention Center's ("Defendant's") Motion to Dismiss Plaintiff's First Amended Complaint pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) (the "Motion"). (Dkt. No. 14.)  The matter is fully briefed.

## I.　　BACKGROUND

This is a putative class action brought by Plaintiff Kelley Anton ("Plaintiff") for Defendant's alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), which provides in pertinent part:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

1

Plaintiff alleges Defendant violated Section 1681(c)(g) by providing Plaintiff and putative class members with printed receipts bearing the first six and the last four digits of their credit card numbers. (First Amended Complaint ("FAC") ¶¶ 1, 28.)

## II.  LEGAL STANDARD

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of proving jurisdiction exists. *Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts.[1] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the Rule 12(b)(1) motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citation omitted).

## III.  DISCUSSION

To establish Article III standing, Plaintiff must allege that she: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [Defendant], and (3) that is likely to be redressed by a favorable judicial decision." *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 779 (9th Cir. 2018) (citing *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016)). An injury in fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (citing *Spokeo*, 136 S.Ct. at 1548) (internal quotations omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S.Ct. at 1549. While "[i]ntangible harms and a 'risk of real harm' can be sufficiently concrete," "'a bare procedural violation, divorced from any concrete harm,' cannot 'satisfy

---

[1] Here, Defendant raises a facial challenge to the FAC based on lack of Article III standing.

the injury-in-fact requirement of Article III.'" *Bassett*, 883 F.3d at 779 (quoting *Spokeo*, 136 S.Ct. at 1549–50). Here, Defendant contends Plaintiff fails to allege she or putative class members suffered an injury in fact.

The FAC includes the following allegations regarding injury:

(1) "Plaintiff and the Class suffered concrete and actual harm because Defendant's FACTA violation caused them annoyance that their credit card information could be compromised and forced them to take the time and effort to save receipts in a secure place to ensure that their credit card information would not be stolen in an age when identity thieves have increasingly sophisticated methods and technology." (FAC ¶ 3);

(2) "Plaintiff and the Class members have to spend time and energy protecting their own information—even though under FACTA Defendant has a duty to protect that information—by going through the effort of saving their receipts, or by shredding or disposing of them in a safe manner so that their credit cards will not be compromised." (*Id.*);

(3) Plaintiff was annoyed to discover that so much of her credit card information appeared on the receipt because she could not simply dispose of them. Instead, to protect herself against identity theft, Plaintiff had to choose between continuing to save the receipts, or shredding them. To ensure her information was protected, Plaintiff suffered the burden of having to continue saving her receipts." (*Id* ¶ 30); and

(4) "As a result of Defendant's willful or reckless violations of the FCRA, Plaintiff and members of the Class continue to be exposed to an elevated *risk* of identity theft, and suffer burden and annoyance." (*Id.* ¶ 60 (emphasis added).)

These alleged injuries are speculative, hypothetical and conjectural.

Plaintiff does not allege any concrete or tangible harm resulting from Defendant's violation of FACTA. She does not allege that a second copy of the receipts at issue exists, that the receipts have been provided to or viewed by anyone other than Plaintiff, that the receipts have been stolen, or that Plaintiff is the victim of identity theft. (*See* FAC ¶¶ 3, 60.) *See Bassett*, 883 F.3d at 778 (holding plaintiff did not allege a concrete injury as required for Article III standing in a case alleging violation of FACTA based on the inclusion of credit card expiration dates on receipts, reasoning plaintiff's alleged injury of "exposure . . . to identity theft and credit/debit fraud" and "imminent risk" that his "property

would be stolen and/or misused by identity thieves" did not satisfy the injury in fact requirement); *Noble v. Nevada Checker Cab Corp.*, 726 F. App'x 582, 584 (9th Cir. 2018) (holding appellants failed to allege harm sufficient to warrant Article III standing for their FACTA claim based on the inclusion of the first four and final four digits of a consumer's credit card number on receipts, reasoning "*Bassett*'s reasoning controls the issue in this case, and we are bound by it," where the appellants did not allege the receipts were given to anyone other than the individual cardholders who made the purchases, did not "allege that a breach of privacy occurred," and did "not . . . point to any tangible harms resulting from Appellees' violations").[2]

Moreover, the alleged "annoyance" from having to save or shred the receipts as pled in the FAC[3] is not a concrete injury which establishes Article III standing. *See Bassett*, 883 F.3d at 776 (finding the plaintiff's allegations of procedural violations of the FACTA failed to meet the concrete injury requirement for standing because the plaintiff did not "allege that any risk of harm is real, not conjectural or hypothetical, given that he could shred the offending receipt.").

Therefore, Plaintiff fails to plead she has suffered an injury in fact as required for Article III standing.[4]

---

[2] *Accord Kamal v. J. Crew. Grp., Inc.*, 918 F.3d 102 (3d Cir. 2019) (affirming the district court's dismissal for lack of standing in a FACTA case based on receipts which included the first six and last four digits of the plaintiff's credit card number, reasoning the plaintiff did not allege that anyone other than the cashier saw his receipts, nor allege his identity was stolen or that his credit card number was misappropriated, and finding plaintiff's allegations of a "risk of identity theft" were conclusory, speculative, and insufficient to allege "a material risk of concrete, particularized harm" required for Article III standing); *see also Martinez v. Supercuts, Inc.*, 2019 U.S. Dist. LEXIS 46614, at *1–3 (S.D. Cal. Mar. 20, 2019); *Jacobson v. Peter Piper, Inc.*, 2018 WL 3719324, at *3 (D. Ariz. June 28, 2018), *report and recommendation adopted sub nom.*, 2018 WL 3708043 (D. Ariz. Aug. 3, 2018); *Alvarado v. Univ. of S. California*, 2017 WL 8116092, at *3 (C.D. Cal. Sept. 21, 2017); *Edelstein v. Westlake Wellbeing Properties, LLC*, 2017 WL 5495153, at *3 (C.D. Cal. Nov. 15, 2017).

[3] *See* FAC ¶¶ 3, 30, 60.

[4] Because Defendant raises a facial challenge to the FAC, the Court did not rely on the purported "fact" raised by Defendant (which is not alleged in the FAC) that the first six digits of a credit card number "merely identify the issuing bank and card

4

# IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) based on lack of standing,[5] and dismisses this action without prejudice.[6]

Plaintiff's request to remand this action to state court is **DENIED**. This action was originally filed with this Court, and therefore the Court cannot remand the action to state court. *See* 28 U.S.C. § 1447.

**IT IS SO ORDERED.**

DATED: July 18, 2019.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

type," in finding Plaintiff lacks standing. *See Kamal*, 918 F.3d at 118-19 (noting defendant raised a facial challenge to the complaint, and therefore the Circuit's determination that the plaintiff failed to allege a concrete injury for standing to bring a claim under FACTA did not incorporate the underlying finding by the district court that the first six digits of a credit card number refer to the issuing bank and card type and therefore "gives an identity thief no more personal information about a person's account than Congress has permitted to be printed on receipts").

[5] The Court does not reach the merits of Defendant's alternative motion to dismiss pursuant to Rule 12(b)(6).

[6] Dismissal with prejudice is improper here since the Court lacks subject matter jurisdiction based on Plaintiff's lack of standing. *See DeCarlo v. Costco Wholesale Corp.*, 733 Fed. App'x 398 (9th Cir. 2018); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), *cert. denied sub nom. Missouri ex rel. Hawley v. Becerra*, 137 S. Ct. 2188 (2017); *Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 846 (9th Cir. 2017).